UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CRISANTOS VARGAS,

                                     Plaintiff,        Case No:

     -against-

                                                    **COMPLAINT**

108 DISCOUNT & GIFT STORE, INC., CHAO
HUI CHEN, LINHUA LIN and CHENG GAO
                                     Defendants.
-----------------------------------------------------------------X

The Plaintiff, by his attorneys, states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Crisantos Vargas is a former employee of 108 Discount & Gift Store, Inc. ("108 Discount"), a retail store located at 38-20 108th Street, Queens, NY 11368.

2. Plaintiff brings this action to recover damages for Defendants' violations of the Fair Labor Standards Act, the New York Labor Law, and other rules, regulations and statutes, arising out of his employment at 108 Discount between approximately December 14, 2015 and February 7, 2022.

3. Defendants Chao Hui Chen, Linhua Lin and Cheng Gao operated 108 Discount, and controlled Plaintiffs' working conditions, throughout the period of Plaintiffs' employment at 108 Discount.

4. Although Plaintiff regularly worked well over forty hours per week and well over ten hours per day throughout his employment, Defendants failed to comply with the minimum wage, overtime, and spread of hours requirements under federal and New York state law. In addition, Defendants failed to provide Plaintiff with a written notice at the time of hire with certain

1

required information about his employment, and failed to provide pay statements at the time they paid Plaintiff his wages.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiff

8.     At all times relevant to this action, Plaintiff was employed by 108 Discount & Gift Store, Inc. in its retail store located at 38-20 108th Street, Queens, NY 11368.

9.     Plaintiff worked at 108 Discount from approximately December 14, 2015 to on or around February 7, 2022.  Plaintiff did not work at 108 Discount for approximately two months in 2020 due to the COVID-19 pandemic.

10.    Plaintiff's primary job duties included stocking shelves, moving inventory from the basement to the main retail level, and ordering items for the store.

### Defendants

108 Discount & Gift Store, Inc.

11.    Defendant 108 Discount & Gift Store, Inc. is a corporation organized under the laws of the State of New York with a principal office located at 38-20 108th Street, Queens, NY 11368.

12.     108 Discount & Gift Store, Inc. was incorporated on or about November 4, 2010.

13.     Upon information and belief, Defendant Chao Hui Chen was the Chief Executive Officer of 108 Discount & Gift Store, Inc. during some or all of the period from December 2015 to February 7, 2022.

14.     Upon information and belief, Defendant 108 Discount & Gift Store, Inc. operated and owned the retail store in which Plaintiff worked at 38-20 108th Street throughout at least the period of December 2015 to February 7, 2022.

15.     Upon information and belief, at all times that Plaintiff worked at 108 Discount, 108 Discount & Gift Store, Inc., was an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(r)-(s).

16.     Upon information and belief, throughout the period Plaintiff worked at 108 Discount, 108 Discount & Gift Store, Inc. was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

   a. had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person; and

   b. had an annual gross volume of sales of not less than $500,000.

17.     At all times Plaintiff worked at 108 Discount, Defendant 108 Discount & Gift Store, Inc. was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

Chao Hui Chen

18.     Upon information and belief, Defendant Chao Hui Chen was the sole owner of 108 Discount & Gift Store, Inc. for some or all of the period Plaintiff worked at 108 Discount.

19. Upon information and belief, Defendant Chao Hui Chen was the Chief Executive Officer of 108 Discount & Gift Store, Inc. for some or all of the period that Plaintiff worked at 108 Discount.

20. Defendant Chao Hui Chen hired Plaintiff to work at 108 Discount.

21. Defendant Chao Hui Chen had the authority to determine Plaintiff's rate of pay.

22. Defendant Chao Hui Chen paid Plaintiff his wages from the start of Plaintiff's employment at 108 Discount until sometime in 2020. During that time period, on occasions in which Plaintiff received his pay partly by check, Chao Hui Chen signed the checks.

23. Upon information and belief, Chao Hui Chen had the authority to hire and fire employees, maintain employment records, determine rates of pay, and assign work responsibilities.

24. At all times Plaintiff worked at 108 Discount, Defendant Chao Hui Chen was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

Linhua Lin

25. Defendant Linhua Lin supervised Plaintiff's work and assigned him responsibilities.

26. Defendant Linhua Lin determined Plaintiff's rate of pay.

27. Defendant Linhua Lin determined Plaintiff's work schedule.

28. Upon information and belief, Defendant Linhua Lin also had the authority to hire and fire employees, and to maintain employment records.

29. At all times Plaintiff worked at 108 Discount, Defendant Linhua Lin was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

Cheng Gao

30. Defendant Cheng Gao became the person primarily responsible for operating the day to day business of 108 Discount at some time in 2020.

31. From the time that Defendant Gao became the person primarily responsible for operating the day to day business at 108 Discount through the end of Plaintiff's employment, Defendant Gao paid Plaintiff his wages.

32. From the time that Defendant Gao became the person primarily responsible for operating the day to day business at 108 Discount through the end of Plaintiff's employment, Defendant Gao had authority to determine Plaintiff's wages, maintain employment records, hire and fire employees, and determine Plaintiff's conditions of employment.

33. Defendant Cheng Gao terminated Plaintiff's employment.

34. Defendant Cheng Gao was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL") from approximately 2020 to the end of Plaintiff's employment.

## FACTS

### Working Conditions

35. Plaintiff Vargas worked at 108 Discount, located at 38-20 108th Street, Queens, NY from approximately December 14, 2015 to on or about February 7, 2022.

36. From the beginning of his employment until approximately mid-March 2020, Plaintiff normally worked approximately eleven and a half hours per day with a half hour break, six days per week.

37. Plaintiff did not work at 108 Discount for approximately two months from approximately mid-March 2020 to mid-May 2020.

38. From mid-May 2020 to the end of Plaintiff's employment, Plaintiff worked a schedule that alternated between six work days per week and seven work days per week.

39. 108 Discount paid Plaintiff a weekly salary throughout his employment, and never paid Plaintiff an hourly rate.

40. 108 Discount paid Plaintiff a weekly salary of $480 for approximately the first month of his employment. 108 Discount paid Plaintiff a weekly salary of $500 for approximately the next four months of his employment. 108 Discount then raised Plaintiff's weekly salary by $10 on a periodic basis – approximately every two to three months. The maximum weekly salary that 108 Discount paid to Plaintiff was $780, which Plaintiff received for approximately the final two weeks of his employment.

41. Due to the number of hours that Plaintiff worked, Plaintiff's salary fell below the applicable New York State minimum wage throughout the entirety of Plaintiff's employment.

42. 108 Discount never paid Plaintiff overtime premiums throughout his employment.

43. 108 Discount never paid Plaintiff spread of hours compensation throughout his employment.

44. 108 Discount paid Plaintiff in cash from the beginning of his employment until approximately 2018. Beginning in approximately 2018, 108 Discount paid Plaintiff partly by check and partly in cash.

45. Defendants never provided Plaintiff with any written notice at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under New York Labor Law § 195(3).

46. Defendants failed to provide to Plaintiff at the time of hire or anytime thereafter, in writing in English and in Plaintiff's primary language, a notice required by NYLL §195(1)(a)

containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

### Tolling Agreement

47.    Plaintiff, through counsel, entered into a tolling agreement with Defendants 108 Discount & Gift Store Inc. and Chao Hui Chen for the period March 29, 2022 to April 30, 2022. In consideration for Plaintiff agreeing not to commence an action against Defendants during that period, Defendants agreed to toll the statute of limitations applicable to all of Plaintiffs' claims arising from his employment at 108 Discount, including but not limited to his claims under the Fair Labor Standards Act and New York Labor Law.

48.    Defendant Chen signed the agreement on behalf of 108 Discount & Gift Store Inc. and had the authority to bind the corporation to the agreement.

### FIRST CAUSE OF ACTION

### Failure to Pay Overtime Wages Under the Fair Labor Standards Act

49.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

50.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

51.    Defendants failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay in violation of 29 U.S.C. § 207.

52.    Defendants' failure to pay Plaintiff his lawful overtime wages was willful.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION

**Failure to Pay Minimum Wages Under the New York Labor Law**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

56. Throughout his employment at 108 Discount, Defendants failed to pay Plaintiff at the applicable legal minimum hourly wage, in violation of the New York Labor Law § 652.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## THIRD CAUSE OF ACTION

**Overtime Wages Under the New York Labor Law**

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

60. Throughout Plaintiff's employment at 108 Discount, Defendants failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-and-

a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## FOURTH CAUSE OF ACTION

### Spread of Hours Under the New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

64. Throughout Plaintiff's employment at 108 Discount, Defendants failed to pay Plaintiff an additional hour of pay at the minimum wage for each day Plaintiff worked a spread of hours in excess of 10 hours per day.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread of hours wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## FIFTH CAUSE OF ACTION

### Failure to Provide Notice at the Time of Hire Under the New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

67. Defendants failed to provide Plaintiff written notices at the time of hire in English and in the Plaintiff's primary language with information such as rate of pay, the regular payday, and

9

the name of the employer, among other information. Defendants' acts violated N.Y. Labor Law § 195(1)(a).

68.     Plaintiff is entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(1)(a), interest, reasonable attorneys' fees, and costs of the action

## SIXTH CAUSE OF ACTION

### Failure to Provide Pay Statements Under the New York Labor Law

69.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

70.     Throughout Plaintiff's employment at 108 Discount, Defendants failed to provide Plaintiff with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked

71.     Defendants' acts violated N.Y. Labor Law § 195(3) throughout Plaintiff's employment.

72.     Plaintiff is entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(3), interest, reasonable attorneys' fees, and costs of the action

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Crisantos Vargas respectfully requests that judgment be granted:

1. Declaring that Defendants' conduct complained of herein is in violation of the federal and New York State labor laws;

2. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours wages;

3. Awarding Plaintiff liquidated damages;

4. Awarding Plaintiff damages due to violations of NYLL 195 for failure to provide required notices and pay statements;

5. Awarding Plaintiff attorneys' fees and costs;

6. Awarding Plaintiff pre- and post-judgment interest;

7. Awarding Plaintiff any such further relief as may be just and proper.

Dated: Sunnyside, New York
       May 26, 2022

                                       Respectfully submitted,

                                       /s/ David A. Colodny_____

                                       Catholic Migration Services
                                       47-01 Queens Blvd., Suite 203
                                       Sunnyside, NY  11104
                                       (347) 472-3500 ext. 1014 (tel.)
                                       (347) 472-3501 (fax)
                                       dcolodny@catholicmigration.org